UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:19-cv-80513-RAR

JOHN DOE, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

TOWN OF JUPITER, et al.,

      Defendants.

_____/

### DEFENDANTS' JOINT MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO ATTEND MEDIATION AND INCORPORATED MEMORANDUM OF LAW

Defendants TOWN OF JUPITER ("Town"), DET. ANDREW SHARP ("Sharp") and State Attorney DAVID ARONBERG ("Aronberg"), by and through their respective undersigned counsel, hereby file their Joint Motion for Sanctions for Plaintiff's Failure to Attend Mediation and Incorporated Memorandum of Law, and in support thereof state as follows:

1.      On July 3, 2019, this Court ordered the parties to mediate this case.  [D.E. 57].  That Order instructed counsel for all parties to familiarize themselves with, **and adhere to**, all provisions of Local Rule 16.2.  *Id.* at 1.  The Order further stated:

> Pursuant to Local Rule 16.2(e), **the appearance of counsel and each party** (or the representatives of each party with full authority to enter into a full and complete compromise and settlement) **is mandatory**.  The Court may impose sanctions against parties and/or counsel who do not comply with these attendance or settlement authority requirements.  **The mediator shall report non-attendance** to the Court and may recommend the imposition of sanctions for non-attendance.

*Id.* at 1 n.2 (emphasis added).

2.      Pursuant to Local Rule 16.2(e), "**[u]nless excused in writing by the presiding Judge, all parties** and required claims professionals . . . shall be **physically present at the mediation**

conference (*i.e.*, **in person if the party is a natural person** or by a personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement." *See* S.D. Fla. Loc. R. 16.2(e) (emphasis added).  The Rule provides that the mediator "shall report non-attendance to the Court."  *Id.*  It also provides that "[f]ailure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."  *Id.*

3.      On July 23, 2019, counsel for the Town filed a Notice of Stipulation of Mediator, advising that the parties had agreed to mediate this case before Rodney Romano, Esquire, of Matrix Mediation, LLC.  [D.E. 71].

4.      On that same date, a Notice of Mediation was filed, advising that pursuant to the agreement of all parties, a confidential mediation had been scheduled before Mr. Romano in West Palm Beach, Florida, for Friday, October 4, 2019, to begin at 9:00 a.m.  [D.E. 72].

5.      Plaintiff is currently proceeding anonymously in this action, despite the fact that he has yet to even request leave from this Court to do so, and despite the fact that, as previously briefed by the Defendants, Plaintiff should be prohibited from doing so. [D.E. 70].  *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (explaining presumption in favor of parties proceeding in their own names and describing the factors a court should consider in analyzing a plaintiff's request to proceed anonymously, factors which Plaintiff does not satisfy in this action).  Despite this, in order to acquiesce to Plaintiff's desire for anonymity, and in order to facilitate his ability to both maintain his anonymity and comply with the mandate that Plaintiff **physically appear in person at the mandatory mediation**, the Notice was scheduled as a "black box – highly confidential" mediation, as reflected by the title of the Notice of Mediation.  [D.E. 72] at 1.

6.      In accordance with the Notice of Mediation, the Court issued an Order Scheduling Mediation on July 24, 2019.  [D.E. 73].

7.      On October 4, 2019, Defendants appeared before mediator Romano at the scheduled time

and location for mediation.  Present for the Town was counsel Lyman Reynolds, Town representative Thomas Baird, and claims professional Stephanie Salado (PGIT).  Present for Defendant Sharp was counsel John Janousek, Defendant Sharp, and claims professional Charles Coen (PGIT).  Present for Defendant Aronberg was counsel Shane Weaver, Defendant Aronberg, Assistant State Attorney Leigh Miller, Executive Assistant Mike Edmondson, and claims professional Cedric Crawford.  *See* [D.E. 86].

8.     Despite all required persons attending in person on behalf of all Defendants, Plaintiff did not appear.  *Id.*  Instead, only Plaintiff's attorneys Daniel Sox, James McCarroll, and Joe Tacopina appeared.  *Id.*

9.     Due to Plaintiff's failure to appear at the Court ordered mediation, the mediation did not go forward.  *Id.*

10.     In fact, while waiting a reasonable amount of time for Plaintiff to appear to begin the mediation, Defendants and their counsel and representatives were advised that Plaintiff *did not intend to physically appear* at the mediation.

11.     Knowing that Defendants would be seeking sanctions for Plaintiff's non-attendance, Plaintiff rushed to muddy the waters by pre-emptively filing a motion for sanctions of his own, blaming *Defendants* for his own failure to comply with the Court's Order [D.E. 57] and Local Rule 16.2(e).  [D.E. 89].

12.     Contrary to the frivolous and entirely unsubstantiated allegations made in Plaintiff's Motion for Sanctions, at no time prior to the date of mediation did Plaintiff's counsel ever indicate to Defendants that Plaintiff would not be physically attending mediation.

13.     Defendants never agreed to allow Plaintiff to be physically absent from mediation.[1]

---

[1] Again, as noted above, contrary to Plaintiff's baseless and entirely unsubstantiated accusations in his Motion for Sanctions [D.E. 89], Defendants were never even aware prior to October 4, 2019 that Plaintiff did not intend on attending same.

Instead, Defendants attended mediation with the understanding that Plaintiff would, as required by the Court's Order [D.E. 57] and Local Rule 16.2(e), be ***physically present at the mediation***.

14.     Likewise, at no time prior to mediation did Plaintiff ever request leave from this Court to be excused from physically attending mediation.  As noted above, Local Rule 16.2(e) clearly states that "***[u]nless excused in writing by the presiding Judge***, all parties . . . ***shall be physically present at the mediation conference***."  (Emphasis added).  Plaintiff was not physically present at the Court ordered mediation, and this Court never previously excused Plaintiff in writing or otherwise from being physically present at mediation.

15.     The Defendants, risk professionals, and other representatives who attended mediation all re-arranged schedules, made travel arrangements and/or took time out of their day to appear ***in person*** because it was required.  For example, Aronberg flew in from a conference in Houston while claims professional Crawford flew in from Tallahassee.  John Janousek, counsel for Defendant Sharp, drove from Orlando, Florida to West Palm Beach, Florida, to attend.  Claims representatives for both the Town and Defendant Sharp travelled from their offices in Lake Mary, Florida, to attend.

16.     Based on the above, Plaintiff's failure to attend the Court ordered mediation clearly constitutes a ***willful violation*** of the Court's Order at D.E. 57 and Local Rule 16.2(e).  As a result, and in accordance with this Court's Order and Rule 16.2(e), this Court should impose sanctions against Plaintiff and Plaintiff's attorneys for Plaintiff's non-attendance, in the form of attorneys' fees and costs associated with attendance at mediation by Defendants, Defendants' representatives, and Defendants' attorneys.

17.     Defendants further request that Plaintiff be ordered to physically attend mediation in person before mediator Romano at the same location in a date to be determined.

18.     Additionally, given that half of Plaintiff's attorneys are admitted *pro hac vice*[2] and

---

[2] Additionally, attorney James McCarroll attended the mediation conference on behalf of Plaintiff. [D.E. 86].  However, Mr. McCarroll has never made an appearance on behalf of Plaintiff in this

seemingly precipitated and/or acquiesced to Plaintiff's willful violation of the mediation attendance requirement, thereby ***flagrantly violating*** the Court's Order and Local Rule, they should be cautioned that similar conduct in the future could result in them being stricken as counsel.

### MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(f)(1)(c) permits the Court to sanction "a party or its attorney" under certain circumstances, including the failure "to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(c). The Rule authorizes sanctions for an attorney's failure to require his client to personally attend mediation. *See Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 F. App'x 886, 888–89 (11th Cir. 2010). The Rule authorizes sanctions, including but not limited to the following, when a party fails to obey a pretrial order: (1) dismissing the action or proceeding in whole or in part, and (2) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *See* FED. R. CIV. P. 16(f)(1), 37(b)(2)(A)(v), (vii). Further, Rule 16(f) provides that "[i]nstead of or in addition to any other sanction, the court ***must*** order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *See* Rule 16(f)(2) (emphasis added). Even where a party's failure to attend has been found to be unintentional, this Court has sanctioned the non-compliant party by ordering it to pay the compliant party's attorneys' fees and costs associated with attending the mediation conference. *See, e.g.*, *Rodilla v. TFC-RB, LLC*, No. 08-21352-CIV, 2009 WL 88492, at *1–2 (S.D. Fla. Jan. 13, 2009).

Here, based on the representations made in Plaintiff's Motion for Sanctions [D.E. 89], Plaintiff apparently *never intended* to comply with the Court's requirement that all parties be physically present at the mediation conference. Plaintiff's attorneys also apparently knew of this intent prior to the

---

action. Further, and perhaps more importantly, he has not been granted *pro hac vice* status in this case and does not appear to have been admitted to practice in the Southern District of Florida

mediation conference. *Id.* Further, contrary to the entirely unsubstantiated accusations asserted in Plaintiff's Motion, Plaintiff's counsel never previously advised counsel for any Defendant that Plaintiff was intending on not being physically present at the mediation conference. Defendants certainly would have taken issue with that given the arrangements they all had to make to appear in person themselves. Likewise, Plaintiff never requested that the Court excuse him from such requirement, and never requested such agreement from Defendants' attorneys. If Plaintiff had wanted to be excused from physically attending the mediation, he could have requested permission to do so from the Court. Instead, he violated the Court's Order and Local Rule 16.2(e) by failing to attend. *See, e.g.*, *OOO-RM Invest v. Net Element, Inc.*, No. 14-20903-CIV-ALTONAGA/O'Sullivan, 2015 WL 12828119, at *2 (S.D. Fla. May 19, 2015) ("If they wanted to be excused from attending the mediation, they could have requested permission to do so from the Court. Instead, they violated the Mediation Order and Local Rule 16.2(e) by failing to attend.").

Accordingly, because Plaintiff willfully refused to attend the mediation conference as previously ordered by the Court, the Court should issue monetary sanctions against Plaintiff and each of Plaintiff's attorneys, in the form of a Court penalty and in the form of each Defendant's attorneys' fees and costs associated with attendance at the mediation conference.

Additionally, "[t]he Court can also award attorney's fees and costs pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dude v. Congress Plaza, LLC*, No. 17-80522-CIV-Marra/Matthewman, 2018 WL 3432714, at *5 (S.D. Fla. July 16, 2018) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "A federal court possesses the inherent power to impose sanctions when there has been willful misconduct." *Id.*; *see also Sream, Inc. v. Stop N Go of Delray, Inc.*, No. 16-81660-CIV-DIMITROULEAS/Snow, 2018 WL 3730240, at *2 (S.D. Fla. Feb. 13, 2018) ("A court also has inherent powers to impose sanctions to achieve the orderly and expeditious

disposition of cases where a party's conduct disrupts or impairs the judicial process. . . .  The non-offending party should at the very least be compensated by the non-complying party and/or its counsel, if circumstances warrant, for the added expenses caused by the violation.").

Here, Plaintiff's conduct in failing to attend the Court ordered mediation, and Plaintiff's counsel's conduct in precipitating such failure to attend, constitute a violation of the Court's Order and Local Rule 16.2(e).  Given Plaintiff's explanation for said conduct [*see* D.E. 89], such conduct was clearly a willful violation of the Court's Order and Local Rule by both Plaintiff and Plaintiff's numerous attorneys. Accordingly, in addition to the Court's authority under Rule 16, pursuant to the Court's inherent authority, the Court should issue monetary sanctions against Plaintiff and Plaintiff's attorneys, in the form of Defendants' attorneys' fees and costs associated with attending the mediation conference, and in the form of a Court penalty for Plaintiff's and Plaintiff's attorneys' willful misconduct.   *See, e.g.*, *Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 F. App'x 886, 888–89 (11th Cir. 2010) (affirming district court's monetary sanctions imposed against non-compliant party's attorneys, either as a court penalty, as the compliant party's costs and attorneys fees, or as a mixture of both).

WHEREFORE, Defendants respectfully request that this Court grant this Motion for Sanctions and award sanctions against Plaintiff and his counsel as more fully set forth above, and for any such other relief as the Court deems just and proper.

## CERTIFICATE OF CONFERAL UNDER LOCAL RULE 7.1(a)(3)

Pursuant to Local Rules 7.1(a)(3), counsel for Defendant Sharp certifies that on October 7, 2019, he conferred with Plaintiff's counsel Daniel Sox telephonically in a good faith effort to resolve the issues raised in this Motion, and Plaintiff's counsel indicated that Plaintiff opposes the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF this 7th day of October, 2019 and served upon Edward Mullins, Esq., emullins@reedsmith.com;

Jordan W. Siev, jsiev@reedsmith.com; Daniel Alvarez Sox, dsox@reedsmith.com; Joseph Tacopina, Esq., jtacopina@tacopinalaw.com.

Respectfully Submitted,

ASHLEY BROOKE MOODY,
ATTORNEY GENERAL

*s/      Shane Weaver*
\SHANE WEAVER, ESQ.
Senior Assistant Attorney General
Florida Bar No. 907421
Office of the Attorney General
1515 N. Flagler, Suite 900
West Palm Beach, Florida 33401
Tel. (561) 268-5216
Fax (561) 837-5102
shane.weaver@myfloridalegal.com
*Counsel for David Aronberg*


*s/ John M. Janousek*
MICHAEL J. ROPER, ESQ.
Florida Bar No. 0473227
JOHN M. JANOUSEK, ESQ.
Florida Bar No. 0098599
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Tel. (407) 897-5150
Fax (407) 897-3332
Primary:  mroper@bellroperlaw.com
Secondary:  phermosa@bellroperlaw.com
Primary:  jjanousek@bellroperlaw.com
Secondary: dmatias@bellroperlaw.com
kreed@bellroperlaw.com
*Counsel for Andrew Sharp*

*s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR., ESQ.
Florida Bar No. 380687
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Tel. (561) 688-6560
Fax (561) 688-2343
E-Service: service_LHR@rrbpa.com
E-mail: lreynolds@rrbpa.com
*Counsel for Town of Jupiter*

8