### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF JUPITER; DET. ANDREW SHARP #412/1101; DAVID ARONBERG, PALM BEACH COUNTY STATE ATTORNEY, <br><br> Defendants. | Case No. 19-cv-80513-RAR <br><br> **CLASS ACTION** <br> **JURY TRIAL DEMANDED** |

### PLAINTIFF JOHN DOE'S NOTICE OF
### AMENDMENT TO MOTION TO PROCEED ANONYMOUSLY

John Doe writes to inform the Court about two issues relating to the Motion to Proceed Anonymously, D.E. 123, and related briefings, including David Aronberg's Renewed Amended Motion to Require Disclosure of Plaintiff's and Putative Class Members' Identities. D.E. 105.

*First*, John Doe wishes to amend his Motion to Proceed Anonymously to incorporate a proposed compromise that would address the Parties' concerns without prejudicing any party. John Doe would reveal his identity on a limited, attorneys'-eyes-only basis, as set forth in the attached Proposed Order (**Exhibit A**) and below.

John Doe remains unwilling to reveal his identity to the public and Defendants, because doing so would unnecessarily undermine the purposes of this Action: (1) to ensure against the identities of uncharged parties who were surreptitiously and unconstitutionally recorded in various state of undress being revealed, and (2) to recover damages for Defendants' violation of the Jane and John Does' privacy rights. Moreover, John Doe understandably is fearful of revealing his identity to Defendants, government officials who so brazenly abused their authority by

surreptitiously and unconstitutionally recording innocent Jane and John Does nude in private spa rooms for five days straight.

Defendants argued that knowledge of John Doe's identity is necessary to verify his standing, determine whether or not he was charged, and propound discovery on him. *See* D.E. 105 at 6, D.E. 130 at 12-13. To address these concerns, John Doe proposes revealing his identity to up to two attorneys for each Defendant on a named-attorneys'-eyes-only basis, as provided in the attached Proposed Order. The conditions set forth in the Proposed Order address both John Doe's and Defendants' concerns, without prejudice to any party. Nonetheless, Defendants have rejected this proposal.

***Second***, John Doe informs the Court that disclosure of his identity without the protections set forth in the Proposed Order, including the prohibition on John Doe's name being written in any place or manner that could subject it to Florida's public records laws, would effectively be the same as revealing John Doe's identity to the public at large. Defendants and their counsel are subject to Florida's public records laws, which means that any written record in their possession identifying John Doe would be subject to public records requests. Absent the proposed protections, the Jane and John Does names surely will become publicly available and linked to the nude recordings they seek to have destroyed or permanently sealed.

## CONCLUSION

John Doe respectfully requests that the Court enter the Proposed Order in resolution of John Doe's Motion to Proceed Anonymously and David Aronberg's Amended Renewed Motion to Require Disclosure of Plaintiff's and Putative Class Members' Identities.

Dated: January 13, 2020         **REED SMITH LLP**

                                By:   */s/ Edward Mullins*
                                      Edward M. Mullins

- 3 -

Fla. Bar No. 863920
Jordan W. Siev
(Admitted *Pro Hac Vice*)
Daniel Alvarez Sox
Fla. Bar No. 108573
emullins@reedsmith.com
jsiev@reedsmith.com
dsox@reedsmith.com
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel: (786) 747-0200
Fax: (305) 747-0299

-and-

Joseph Tacopina, Esq.
(Admitted *Pro Hac Vice*)
The Law Offices of Tacopina & Seigel
275 Madison Ave., Ste. 3500
New York, NY 10016
Tel: (212) 227-8877
Fax: (212) 619-1028
jtacopina@tacopinalaw.com

*Attorneys for John Doe*